Carswell and Tompkins, JJ., concur. Settle order on notice as to the terms of the commission.

JOHN D. SCHULTZ, Appellant, v. STATE OF NEW YORK NATIONAL BANK OF THE CITY OF KINGSTON, Respondent.— Order granting defendant's motion to bring in additional parties defendant affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

THOMAS J. SMITH, Respondent, v. RICHARD E. WELDON and GEORGE KENT WELDON, Appellants.— Order amending judgment nunc pro tunc affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur.

THOMAS J. SMITH, Respondent, v. RICHARD E. WELDON and GEORGE KENT WELDON, Appellants.— Judgment modified by reducing the amount to be recovered by plaintiff against defendant Richard E. Weldon to the sum of $2,167.06 and by providing that said amount be the sum for which a lien is declared against said defendant's interest in the remaining partnership property. As so modified the judgment is unanimously affirmed, without costs. Plaintiff should not have been credited with $950 for commissions on the sale of partnership real estate to Caufield and Hana, the record showing no proof to justify a finding that the plaintiff was personally entitled to these commissions. Nor should plaintiff have been credited with the sum of $1,276.50, being the items of $346.50 and $930 respectively found to have been received by the appellant from the title company and for interest on the Connors mortgage. The record shows that these amounts were paid by said defendant Weldon personally, and plaintiff's own statement of account so admits. Instead of charging said defendant therewith, the latter should have been given credit therefor, but as he has admitted that the title company item should be $266.13, the total credit for these two items, to which said Weldon is entitled, is the sum of $1,196.13. The deduction of the amount thus erroneously charged against said appellant instead of giving him credit therefor makes a difference of $2,472.63 which should be deducted from the amount which the learned referee found due to plaintiff. The balance thus struck on the total amount is the sum of $4,334.13. But, this again should not be charged against said Weldon personally as it does not belong to the plaintiff personally, it being a partnership fund when so charged against said Weldon, and is, therefore,. subject to division between the two partners which makes the sum which said Weldon is required to pay to plaintiff $2,167.06. The remaining claims of the appellant have been examined and are found to be without merit. Findings of fact inconsistent herewith and the conclusion of law are reversed and new findings and new conclusions will be made. Present — Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ. Settle order on notice.

HERMAN SOUZA, as Administrator, etc., of JAMES SOUZA, Deceased, and ALEXANDER PERRY, Respondents, v. NELSON DAWES and UTICA BUTTER & EGG Co., INC., Appellants.— Order denying defendants' motion to change place of trial affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.

PAUL STARGICK, Respondent, v. EXCELLO SPRING AND MANUFACTURING CORPORATION and Others, Defendants, Impleaded with CHARLES NYGARD and Others, Appellants.— Order directing examination before trial and discovery and inspection